### JOHNSTON v. MOHRABACKER et al.

No. 16639—Opinion Filed June 15, 1926.

**1. Taxation—Liability as Between Grantor and Grantee.**

Ad valorem tax assessed against real estate becomes a lien thereon as between gran or and grantee, after the 15th day of October. The owner of the real estate. who conveys the same thereafter, is liable for the taxes, unless there be an agreement with the grantee to the contrary.

**2. Same—Liability of Grantor After Oct. 15th.**

Record examined; held. to be insufficient to support judgment in favor of the defendant in error.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by J. E. Johnston against F. O. Mohrabacker et al. for recovery of debt. Judgment for defendants, and plaintiff brings error. Reversed.

Abernathy & Howell, for plaintiff in error.

Goode & Dierker, for defendants in error.

Opinion by STEPHENSON, C. The plaintiff in error made an offer to the de endants in error to purchase real estate situated in Shawnee, upon certain conditions named. The owner accepted the offer on the 16th day of October, and bound herself to sell and convey the property free and clear of all incumbrances for the purchase price named. The owner drew draft, with deed attached, on the plaintiff in error for the agreed purchase price. The plaintiff in error advised the owner that the abstract showed the current taxes as a lien charge against the land, and requested the owner to cause the taxes to be paid. The owner advised the proposed purchaser that she would not pay the taxes, and that the purchaser could either pay the taxes and the purchase price agreed upon for the land, or decline to take the conveyance. The writings entered into between the parties constituted a valid and binding contract on the owner to convey the land to the plaintiff in error for the sum of $4,000. Section 9784, C. O. S. 1921, became a part of the contract which was entered into after October 15th. The section provides that ad valorem taxes assessed against real estate shall become a lien on such real estate after the 15th day of October; that if the owner conveys the real estate thereafter. the grantor should pay such tax. The plaintiff in error held an enforceable contract against

the owner, entered into after the 15th day of October, and was entitled to a conveyance of the premises for the sum of $4,000, free and clear of all incumbrances and tax.

The owner took up the draft for $4,000 and received a deed. Thereupon, the purchaser commenced his action against the owner for the recovery of the sum of money paid in settlement of the taxes, and garnisheed sufficient of the funds paid into the bank for the deed to answer for the judgment and costs. The cause was tried upon an agreed statement of facts which set forth the matters referred to herein. The trial of the cause resulted in a judgment for the de endants, and the discharge of the garnishee. The plaintiff has appealed the cause here, and assigns as error for reversal that the judgment is contrary to the law and the facts.

It was error for the court to deny the plaintiff recovery in this case on the agreed statement of facts between the parties.

The cause is reversed and remanded, with directions to enter judgment on the agreed statement of facts for the plaintiff in error.

By the Court: It is so ordered.