## BOARD of COM'RS of COMANCHE COUNTY v. CENTRAL BAPTIST CHURCH.

No. 19045. Opinion Filed April 16, 1929.

W. T. Dixon and John W. Tyree, for plaintiff in error.

A. J. Burton, for defendant in error.

LEACH, C. On January 9, 1927, the Central Baptist Church of Lawton, Okla., filed its petition with the board of county commissioners of Comanche county, praying cancellation of certain taxes assessed and levied for the year 1925, against certain real estate upon the ground that the property was not subject to taxation, the petition being filed under the provisions of section 9674, C. O. S. 1921. The board of county commissioners denied the application and the matter was appealed to the district court of that county, where the cause was tried upon an agreed statement of facts, the substance of which is as follows:

That C. H. Park was the owner of the fee-simple title to lots 15 and 16 in block 17 of the city of Lawton, Okla., on the 1st day of January, 1925, and continued as such owner until the 8th day of August, 1926, at which time he sold his right and title in and to the lots to the Central Baptist Church of Lawton, which church is and was at such date a duly organized and chartered corporation, for religious purposes, under the laws of Oklahoma. The district court rendered judgment in favor of the petitioners, Central Baptist Church, holding the 1925 taxes entered on the tax rolls against the property involved for the year 1925 erroneous, illegal, and void, and the board of county commissioners were directed to cancel or cause to be canceled said taxes from the tax rolls; from which judgment and decree the board of county commissioners of Comanche county bring this appeal.

Some of the specifications of error of the board of county commissioners relate to the jurisdiction of the board of county commissioners and of the trial court to hear and determine the matter and question raised by the petitioners because the facts alleged were not sufficient to bring the case within the provisions of section 9674, C. O. S. 1921, but such assignment of error and contention is specifically waived by the plaintiff in error with a request that the cause be determined under the other assignments of error which are included. and covered by the fifth assignment, which is as follows:

"Said district court erred in holding that the real estate described in the petition of the defendant in error was not taxable for the year 1925."

Article 10, section 6 of the State Constitution, provides that all property used exclusively for religious and charitable purposes shall be exempt from taxation, and section 9575, C. O. S. 1921, contains a very similar provision.

The stipulation of facts upon which the case was tried does not recite that the property involved was used exclusively for religious purposes, and it is not sufficient alone that the property be owned by a religious or charitable organization, but it must be used for religious and charitable purposes in order that the exemption apply.

"2. Under section 6, art. 10 of the Constitution, the 'use' to which property is in fact dedicated, is the test as to whether such property is exempt from taxation, and such 'use' is a question of fact to be determined from the evidence." Beta Theta Pi Corporation v. Board of Com'rs of Cleveland County, 108 Okla. 78, 234 Pac. 354.

See, also, Sioux Falls Lodge, No. 262, B. P. O. E. v. Mundt, County Treasurer (S. D.) 156 N. W. 799.

However, for the purpose of our discussion in the instant case, we will assume that the property in question was used exclusively for religious purposes, since it was so alleged in the petition upon which the cause was tried before the district court.

In the case of Southwestern Osteopathic Sanitarium v. Davis, Co. Treas., 115 Okla. 296, 242 Pac. 1033, reference is made to the case of Kansas City Exposition Driving Park v. Kansas City, 174 Mo. 425, wherein it was said:

"The burden is on the party claiming the exemption to point to the law exempting him from taxation, and such law must be clear and unambiguous. Such statutes and constitutional provisions are construed with strictness and most strongly against those claiming the exemption."

It is the contention of plaintiff in error that under the provisions of section 9960, C. O. S. 1921, property should be assessed in the name of the owner as of January 1st, and if the property be not exempt on that date, no act of the owner can render the same nontaxable during and for that year. While it is the contention of the defendant in error that when the title to any real estate becomes vested in a nontaxable organization at any time before the annual tax rate is determined, and the assessment and levy completed, then any further act of the assessor or the persons charged with completing the assessment and levy and extending the same upon the tax rolls is without force and effect, and they are without authority to complete the same, or to render the assessment and levy valid as against such real estate.

There is attached to the case-made, although not certified as a part thereof, a certificate of the county clerk of Comanche county, showing that the county excise board of that county made and approved the tax levies for the county of Comanche and city of Lawton on the 24th and 18th of September, 1925.

The defendant in error, in support of its contention, cites the cases: City of Laurel v. Weems (Miss.) Ann. Cas. 1914A, 159, 56 So. 451; Buckhout v. New York, 176 N. Y. 363, 68 N. E. 659; Gachet v. New Orleans, 52 La. Ann. 813, 27 So. 348; State v. Snohomish (Wash.) 128 Pac. 667; and others of similar import.

We have examined such cases, and find that practically all of them relate to taxes upon property acquired by or belonging to the federal or state government, or a municipal subdivision thereof, and that the rule therein announced and applied is not applicable to corporations such as the defendant in error here. The court in the body of the opinion, in the case of City of Laurel v. Weems, supra, calls attention to the difference in the rule as applied to property owned by a municipality and a religious institution in the following language:

"It is undisputed law that the general rule is that statutes granting exemptions from taxation must be strictly construed, and must not be extended beyond what the terms clearly express; but this rule of construction has no application to the property of the state, county, or municipality when it is sought to collect a tax on the property of either, or to take away their property because of a failure to pay the tax claimed, followed by a sale of same on account of the delinquency. The rule of strict construction of the statute may apply to religious and charitable institutions, and to all subjects of exemption save those belonging to a governmental agency of the state. This construction controlled the court in the case of McHenry Baptist Church v. McNeal, 86 Miss. 22, 38 South. 195, wherein the court held that if the church purchased the property after the 1st day of February, the date at which a lien on the property for taxes became fixed by law, the fact that the church property was exempt from taxation did not relieve the church from the necessity of paying the state's debt for taxes for the current year."

The facts disclosed in the case of Buckhout v. City of New York, supra, show that the city by condemnation took certain real property belonging to Buckhout, and the action was one to determine whether there should be deducted from the condemnation money certain taxes levied against the land, and it was there held that the former own-

er, Buckhout, was not liable for the current taxes levied against the property. In the body of the opinion in that case it is said:

"Grants of property voluntarily made, after it has been listed and valued, but before the tax is confirmed and completed, do not concern the city nor prevent it from taking the course of procedure prescribed by statute. Such were the facts in the cases chiefly relied upon by the respondent, which hold that ordinary changes of ownership do not affect subsequent action to complete the tax, but this was not an ordinary change, nor one for which the city had no responsibility. It is not a case of sale by one citizen to another citizen, which would not arrest action by the city to mature the tax, but of condemnation by taxing power * * * to finish and fasten a liability on the former owner because he once owned the property. By no act of his did he cease to be the owner, and by no act of the city, after it became the owner, can a personal liability be completed and enforced against him."

The case of First National Bank of Tulsa, v. Scott, 119 Okla. 107, 249 Pac. 282, is cited and relied upon by the defendant in error, in that part wherein it is said:

"Clearly, it is the import of the statute. with respect to taxes on real property, that the same shall not become a lien thereon until they are due, and section 9719, supra, fixes the time when such taxes shall become due, to wit, November 1st. * * *"

The issue in that case did not necessarily involve, as we view it, the determination of when taxes became a lien upon real estate, neither do we think such question decisive of this appeal.

Section 9960, C. O. S. 1921, provides in part:

"All taxable property shall be listed and assessed each year at its fair cash value, estimated at the price it would bring at a fair voluntary sale, in the name of the owner thereof on the first day of January of each year. * * *"

Section 9666, C. O. S. 1921, provides:

"The county assessor shall on the 15th day of January of each year proceed to take a list of all taxable property in the county, and assess the value thereof as of January 1st. * * *"

Section 9669, C. O. S. 1921, reads:

"The county assessor shall, on the first Monday in June, deliver all lists of property to the county board of equalization for the purpose of having them adjusted and equalized."

Section 9698, C. O. S. 1921, provides that the excise board shall meet on the last Saturday of July for the purpose of examining the financial statements and the estimated needs for the current fiscal year of the municipalities, while section 9699, C. O. S. 1921, provides that when the excise board shall have ascertained the total assessed valuation of the property taxed ad valorem in the county and in each municipal subdivision thereof, and shall have computed the total of the several items of appropriations for current expenses, they shall thereupon make the levies therefor.

Section 9690, C. O. S. 1921, provides in part:

"There is hereby levied annually an ad valorem tax upon all property in this state which may be subject to taxation upon such basis, a tax sufficient in addition to the income from all other sources, to pay the expenses of the state government for each fiscal year ending on the 30th day of June, and to pay the deficiency, if any, of the year next preceding. * * *"

Section 9724, C. O. S. 1921, reads in part:

"Taxes upon real property are hereby made a perpetual lien."

It is said in the body of the opinion in the case of Jackson Lumber Co. v. M'Crimmon, 164 Fed. 759:

"The word 'assessment,' as used in tax statutes, does not mean merely the valuation of the property for taxation. It includes the whole statutory mode of imposing the tax. It embraces all the proceedings for raising money by the exercise of the power of taxation from the inception to the conclusion of the proceedings. Strictly speaking, it is an official estimate of the sums which are to constitute the basis of apportionment of taxes between individuals subject to taxation within the district. As the word is more commonly used, an assessment consists of two processes: Listing the property to be taxed, and of calculating the sums which are to be the guide in the apportionment of the tax between them. 1 Words & Phrases, 551, 552; U. S. v. Erie Ry., 107 U. S. 1, 2 Sup. Ct. 83, 27 L. Ed. 385."

See, also, Cooley on Taxation (3rd Ed.) p. 596.

Considering the provisions of section 9960, supra, together with other provisions of our statute relating to taxation, we are of the opinion that the purpose and object of the said section is to fix a definite date or period upon or from which to determine the taxable status of property. If property be subject to taxation on January 1st, then a voluntary change in the ownership of such property between the date fixed by

statute upon which property should be assessed for the current year and the completion of the various steps in the assessment and levying of taxes for such year, does not change the taxable status of the property. The date of completion of the assessment of property and levy of taxes thereon is not the determining factor in ascertaining whether property is subject to tax, but rather the ownership and status thereof on January 1st. The proceedings and various steps in the completion of the assessment and levying of taxes for the current year relate back to January 1st of such year.

The case of Rose v. Stalcup, 78 Okla. 268, 190 Pac. 396, involved the validity of taxes levied against certain property that previously had been exempt from taxation. The court therein referred to the provisions of section 2, art. 1, chap. 107, Sess. Laws 1915, which is the same as section 9960, supra, with certain amendments thereto, from which opinion we infer that the court there considered the ownership or status of property as of January 1st to be the determining factor as to whether the property was taxable for such year.

It was said in the syllabus of the case of People ex rel. Barnard College v. Wells, 89 N. Y. Supp. 847, 179 N. Y. 524, 71 N. E. 1136:

"A corporation whose property is exempt from taxation takes real estate subject to the taxes, where it acquires title after the tax books for the fiscal year are closed, but before the tax has ripened into a lien. * * *

"1. The taxable status of real estate is determined by its legal title on the second Monday in January."

And in the body of the opinion, it is said:

"It has been uniformly held in this state that the taxable status of property is determined by its condition on the second Monday of January, and that whatever changes occur subsequent to that time do not authorize the commissioners to do anything more than to revise the valuation. There must be some fixed period during the progress of this taxation at which it can be determined as to whether property is taxable or not taxable.'" Sisters of the Poor of St. Francis v. City of New York, 51 Hun, 356, 3 N. Y. Supp. 433, 20 N. E. 417.

The case of People v. Ladies of Loretto (Ill.) 92 N. E. 908, involved the question of taxes upon property acquired by a charitable organization, and the court therein said:

"The corporation was not the owner of the lots in question on the 1st day of April, 1909, but acquired the same by warranty deed on June 22, 1909. The lien of the state for taxes of the year 1909 attached to the property on the 1st day of April of that year, when it was subject to taxation, and, being charged with the lien, it was not relieved therefrom by the fact that the corporation acquired title afterward. If the property was afterward devoted to religious or educational purposes, that fact did not remove the lien or discharge the obligation.

The case of First Congregational Church v. Linn County (Iowa) 30 N. W. 650, involved the question of taxes upon a lot acquired by the church in the month of August; in the body of the opinion in that case it is said:

"The taxes are levied annually, and each assessment and levy are for the year in which they are made. The lot in question was, without doubt, in a condition to be taxed for more than seven months of the year; being, for that time, the property of the plaintiff's grantor. Within that time, it had been assessed. The taxes were not levied until September. It is not necessary to inquire whether the tax was a lien from the assessment. It is sufficient to know that for seven months of the year it was subject to taxation, and that during all that time it was subject to assessment and other proceedings preliminary to the levy of the tax for the whole year, whereby it was brought within the exercise of the taxing power. The lot, being subject to taxation, certainly ought to pay taxes for that time. But there are no provisions of the law under which the tax may be apportioned. The state must lose the whole tax, or the plaintiff must pay it. In the exercise of its power to protect its revenue, the state may enforce the tax for the whole year."

From a consideration of our various statutory enactments relating to taxation, we reach the conclusion that the real estate involved in this case is liable for taxation for the year 1925. The judgment of the district court is reversed and cause remanded, with directions to proceed in accordance with the views herein expressed.

BENNETT, REID, FOSTER, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.