**HELVERING, Commissioner of Internal Revenue, v. SCHIMMEL et al.**

No. 11622.

Circuit Court of Appeals, Eighth Circuit.

Sept. 13, 1940.

Harry Marselli, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for petitioner.

Don W. Stewart, of Lincoln, Neb. (Stewart, Stewart & Whitworth, of Lincoln, Neb., on the brief), for respondents.

Before SANBORN, THOMAS, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

This is a proceeding to review a decision of the Board of Tax Appeals. It involves solely the question of when, for the purpose of taking a deduction from income by a taxpayer on the accrual basis, general city taxes on real estate in cities of the metropolitan class in-Nebraska, accrue.

As stipulated:

"During the taxable year 1932 Charles Schimmel (the tax-payer, now deceased) was a resident of the State of Nebraska, wherein he owned and operated the Blackstone Hotel in the City of Omaha, County of Douglas, which City was at all times here material a city of the metropolitan class as defined by the laws of the State of Nebraska.

"During the year 1932, and for several years prior and subsequent thereto, the taxpayer kept his books of account and filed his federal income tax returns on the accrual basis.

\*    \*    \*    \*    \*    \*

"It was further agreed before the Board that Section 514 of Chapter 14 of the Compiled Statutes of Nebraska provides that city taxes shall be assessed and levied a year in advance of the year in which they are paid and that in respect of the laws of Nebraska in effect during the year 1932 in the City of Omaha, Nebraska, the city real estate and personal taxes were assessed and levied a year in advance of the year in which they were paid, the assessment being made on April 1 of each year for the following year. City real estate and personal taxes were levied in the year before the year in which they became due. City real estate taxes became a lien on May 1 of the year in which they were due, being the year after the year of assessment and levy. City personal taxes became a lien on November 1 of the year in which they were levied, being the year before the year in which they were due. City real estate and personal taxes became due on May 1 of the year after the year they were assessed and levied, and became delinquent on July 1, or two months after they were due".

As stated by counsel for both parties in their briefs, there is but one question involved in this appeal. The Board of Tax Appeals, holding that the taxpayer's 1932 city taxes on real estate accrued in 1932, when such taxes became due and a first lien upon the property, upheld the taxpayer in his claim of deduction for that calendar year, and accordingly reduced the amount of deficiency to $1985.48 from the amount of $2,387.55 determined by the Commissioner. The Commissioner claims the decision of the Board is erroneous because the city real estate taxes which became due and were paid in 1932, and were deducted in the taxpayer's 1932 return, were levied in 1931.

The taxpayer's federal income tax returns for the calendar year 1932 contained debits on his reserve account for payment of taxes other than 1932 city real estate taxes. Since the issue here is confined to the latter, the others may be disregarded. In these returns the taxpayer listed for reduction 1932 city real estate taxes paid July 1, 1932, in the amount of $10,380.76; while the amount of $8,878.10 allowed by the Commissioner as accrued in 1932 represented 1933 city real estate taxes which were assessed and levied in 1932, but which

were paid on July 31, 1933. We have not here before us a condition where taxes were assessed and had become liens upon the lands while in other ownerships and were paid by the new owner after acquisition. Charles Schimmel was the owner of the city property when the assessment was made, when the tax lien accrued, and when the taxes were paid. And it was this ownership of the property on May 1, 1932, when such taxes became due and a first lien upon it, that in the opinion of the Board of Tax Appeals, determined the right of the taxpayer to claim in his 1932 return deduction for such taxes paid in 1932.

■ We think the underlying purpose of the Congress in enacting section 13(d) of the Revenue Act of 1916, (Ch. 463, 39 Stat. 756 et seq.) authorizing the tax return to be made on the basis on which the taxpayer's books were kept, providing only that the basis was one reflecting income, should have a decisive bearing upon the decision of the question here presented. The Supreme Court, in United States v. Anderson, 269 U.S. 422, 440, 46 S.Ct. 131, 134, 70 L.Ed. 347, has made a very clear statement of that purpose: "It was to enable taxpayers to, keep their books and make their returns according to scientific accounting principles, by charging against income earned during the taxable period, the expenses incurred in and properly attributable to the process of earning income during that period".

The record sustains the claim of the taxpayer that his books and the returns based thereon "charged against income earned during the taxable period the expenses incurred in and properly attributable to the process of earning income during that period". This being so, the purpose at least of the Congressional Act has been satisfied. We are, therefore, relegated to an examination of the appropriate mechanics incidental to the execution of this taxing law. In so doing we are to decide whether, under the Nebraska law, the assessment and levy in 1931 or the impressment of the tax lien in 1932, coupled with the ownership of the property, was the event which determined the taxpayer's liability for Omaha City real estate taxes, and, therefore, the year in which such taxes accrued and were deductible. The Board found this issue in favor of the taxpayer.

It is conceded that, in Nebraska, no personal liability exists at any time for the payment of real estate taxes, and this court in Lifson et al. v. Commissioner, 8 Cir., 98 F.2d 508, 510, certiorari denied 305 U.S. 662, 59 S.Ct. 364, 83 L.Ed. 429, has held that such taxes "accrue in Minnesota when they become a charge against and a lien upon the land taxed", and that the taxes in that case accrued when they became a lien on the real estate. Such, we have seen, is the rule in Nebraska.

Concurrence in the principle announced by the Board of Tax Appeals is to be found in the decisions of other Circuits: Walsh-McGuire Co. v. Commissioner, 6 Cir., 97 F.2d 983; Commissioner v. Plestcheeff, 9 Cir., 100 F.2d 62; Commissioner v. Patrick Cudahy Co., 7 Cir., 102 F.2d 930, and in many other cited cases.

■ We think the apparent conflict in the decisions arises chiefly in the application of the rule to the facts of the special cases rather than to disagreement with the rule itself. It follows that the decision of the Board of Tax Appeals should be approved and affirmed, and it is so ordered.