**FISHER et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 8725.

Circuit Court of Appeals, Seventh Circuit.

May 29, 1945.

Norman Crawford and Thomas Hart Fisher, both of Chicago, Ill., for petitioner.

Samuel O. Clark, Jr., Sewall Key, Robert N. Anderson, and John F. Costelloe, Asst. Attys. Gen., and J. P. Wenchel and Bernard D. Daniels, Bureau of Internal Revenue, both of Washington, D.C., for respondent.

Before EVANS, SPARKS, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The Commissioner of Internal Revenue determined a deficiency of $227.03 in the petitioners' joint income tax return for 1940, and in considering their return for 1941, found that the petitioners had overpaid their income tax for 1941 in the sum of $15.77. The deficiency letter was issued on June 20, 1944, and on June 26, 1944, the petitioners filed in the Tax Court their petition to redetermine for both 1940 and 1941. At the same time they also filed a request under Rule 26 of the Tax Court that the matter be set for hearing at Chicago. On June 27, 1944, a member of the Tax Court granted this request and entered an order accordingly.

On August 1, 1944, the Commissioner, the respondent in this case, filed a motion to dismiss the petition as to the year 1941 for lack of jurisdiction, and to dismiss the petition as to the year 1940 for failure to set forth a cause of action. On August 4, 1944, the motion was placed upon the calendar for hearing on August 30, 1944 at Washington, D.C., and the petitioners were duly notified. They did not appear on August 30, 1944 when the respondent's motion to dismiss was to be heard. On August 31, 1944, a member of the Tax Court entered an order dismissing the petition as to the year 1941 for lack of jurisdiction and the petition as to the year 1940 for failure of the petitioners to prosecute. No motion to dismiss for failure to prosecute was ever filed. On September 11, 1944, just eleven days after this order of the Tax Court, the petitioners filed a motion for leave to amend their petition, together with their proposed amendment. On the same date they also filed a motion for rehearing and to vacate the order of dismissal together with affidavits in support of this motion. These motions were denied by the Tax Court on September 12, 1944.

The petitioners appeal from the judgment dismissing the petition on the grounds stated. They urge here that there was jurisdiction of the Court for the year 1941 and that

the Court erred in dismissing the petition for the year 1940 on the ground of failure to prosecute and in entering judgment for the respondent for the amount of the deficiency.

■ As to the first proposition on the question of jurisdiction for the year 1941, there was no deficiency determined for that year. There was a deficiency determined only for 1940. Notwithstanding this fact, the petition sought to have the Tax Court *redetermine* the income tax for the year 1941 and apply the over-payment of 1941 against the deficiency of 1940. The statute which confers jurisdiction upon the Tax Court to redetermine a deficiency is found in 26 U.S.C.A. Int.Rev.Code, § 272(g) and reads as follows: "(g) *Jurisdiction over other taxable years.*—The Board in redetermining a deficiency in respect of any taxable year shall consider such facts with relation to the taxes for other taxable years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other taxable year has been overpaid or underpaid."

The Supreme Court in Commissioner of Internal Revenue v. Gooch Mill & Elevator Co., 320 U.S. 418, 64 S.Ct. 184, 185, 88 L.Ed. 140, decided adversely to the petitioners' contention. In that case the question presented was the jurisdiction of the Board of Tax Appeals to determine and to apply a prior tax overpayment against a tax deficiency for a particular year. The Supreme Court held: "We hold that * * * it (the Board) had no jurisdiction to determine or to apply any overpayment of the taxes for the 1935 fiscal year against the 1936 deficiency. * * * The Board is confined to a determination of the amount of deficiency or overpayment for the particular tax year as to which the Commissioner determines a deficiency and as to which the taxpayer seeks a review of the deficiency assessment. * * * It has no power to order a refund or credit should it find that there has been an overpayment in the year in question. * * * The Commissioner assessed a deficiency only for the 1936 fiscal year and it was this assessment of which the respondent sought a review. The Board thus had jurisdiction to do no more than redetermine the 1936 deficiency distinct from any overpayment or underpayment in any prior or subsequent year. * * *"

It will thus be seen that in our case the Tax Court had no jurisdiction to redetermine the tax for 1941 because the Commissioner had never determined a deficiency in 1941, and although it was found that there had been an overpayment of $15.77 in 1941, this amount can not be applied against the determined deficiency for 1940.

The Tax Court committed no error in dismissing the petition as to the year 1941 for lack of jurisdiction.

■ On the second question, that of dismissal of the petition as to the year 1940 for failure to prosecute, there was no such failure. The petitioners were diligent beyond question. The motion to dismiss for failure to set forth a cause of action was the matter before the Court. Without acting upon that motion, and in the face of diligence by the petitioners, a member of the Tax Court dismissed the petition for failure to prosecute in spite of the fact that there was no such motion pending.

The sufficiency of the petition is not before us. If, in the opinion of the Court, the petition was insufficient, the Court should have sustained the Commissioner's motion to dismiss, and unless it was clear beyond doubt that the petitioners could not state a sufficient cause, the petitioners should have been given the opportunity to make a better and further statement. If they refused to do so, and stood on their pleading, the Court would then have been authorized to dismiss the petition. Or the Court, in the absence of such refusal to plead further, should have given the petitioners time in which to amend their petition, and upon their failure without cause so to do, the Court would then have been authorized to strike the petition.[1]

---

[1] Rule 18.—Pleadings—General. "The Court, upon motion of either party in which good cause is shown, or upon its own motion, may order a further and better statement of the nature of the claim or defense, or of any matter stated in any pleading. Such a motion filed by a party shall point out the defects complained of and the details desired. If such order of the Court is not obeyed within 15 days or within such other time as the Court may fix, the Court may strike the pleading to which the motion was directed or may make such other order as it deems just." Rules of Practice Before the Tax Court of the United States, Revised to July 1, 1944.

542

The petitioners were given no such opportunities. Their petition was dismissed because of a failure to prosecute when there had been no such failure and no one had suggested on the record that there had been such a failure.

The petitioners were not bound to be present, on penalty of being dismissed for failure to prosecute, when the sufficiency of their pleadings were to be ruled upon. The Tax Court in violation of its own rules denied the petitioners an opportunity to file a better statement of their claim.

It was error for the Tax Court to dismiss the petition as to the year 1940 for failure to prosecute, and the judgment of the Tax Court in this regard is reversed.