F. A. GILLESPIE TRUST, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31437. Promulgated February 19, 1954.

*Harold E. Rorschach*, *Esq.*, and *Corinne Childs*, *Esq.*, for the petitioner.

*E. G. Sievers*, *Esq.*, for the respondent.

---

OPINION.

RAUM, *Judge:* The respondent determined a deficiency in petitioner's income tax for the year 1948 in the amount of $728.80. He also determined that there was an overassessment in petitioner's income tax for 1946 in the amount of $654.79 but that the petitioner was not entitled to a refund of an addition to tax, in the amount of $163.70, which had been previously assessed under the provisions of section 291 (a) of the Internal Revenue Code because of the late filing of petitioner's income tax return for 1946. The facts have been stipulated and are found accordingly.

1. The principal issue is whether, in determining petitioner's net operating loss carry-over to 1948, the respondent properly disallowed deductions for certain 1946 Oklahoma ad valorem taxes on real estate and personal property acquired by petitioner on July 19, 1946.

The petitioner, the F. A. Gillespie Trust, kept its books of account and filed its Federal income tax returns, for the calendar years here involved, using the cash receipts and disbursements method of accounting. Its Federal income tax returns for the years 1946, 1947, and 1948 were filed with the collector of internal revenue for the district of Oklahoma at Oklahoma City, Oklahoma.

On July 19, 1946, petitioner acquired from Palmer A. and Mary E. Gillespie certain real estate in Johnston County, Oklahoma, together with appurtenant personal property, referred to hereinafter collectively as the "ranch property." There was no express agreement between the grantors and the petitioner as to who should pay the taxes assessed against the ranch property for the year 1946. The grantors also used the cash receipts and disbursements method of accounting in keeping their books of account and filing their Federal income tax returns.

During March, April, and May 1946, the county assessor of Johnston County, Oklahoma, prepared the tax assessment rolls, listing all of the real and personal property subject to taxation for that year by the State of Oklahoma in Johnston County, and during May of that year he delivered the rolls to the County Board of Equalization for the purpose of "equalizing, correcting and adjusting the said assessment rolls." The County Board of Equalization also functions as the County Excise Board and as such Excise Board met on the last Saturday in July 1946 to determine the amount of the tax levies. It certified the assessment rolls back to the county assessor, who thereupon "extended" the amount of the taxes due against each piece of property subject to taxation in Johnston County for 1946 and thereafter on or about October first of the same year delivered the tax rolls to the county treasurer of Johnston County for the purpose of collection. All property subject to ad valorem taxes in Johnston County

was assessed pursuant to statute at its value as of January 1, 1946, for the taxable year 1946.

The 1946 taxes on the ranch property were in the aggregate amount of $1,279.76, which petitioner paid on December 12, 1946, and the question is whether such taxes are deductible by petitioner in 1946 as "taxes paid" under section 23 (c) of the Internal Revenue Code. The deduction for such taxes was taken on petitioner's 1946 return and the propriety of the deduction is not here in issue as it relates to petitioner's income tax liability for 1946. However, the question arises in determining the amount of 1946 net income to be used in absorbing a 1947 net operating loss prior to its being carried over to 1948. The deficiency asserted is with respect to the year 1948, but the problem is the same as if the correctness of the 1946 deduction were directly in issue.

Section 23 (c) allows a deduction for "taxes * * * paid," and this provision has been construed to mean that taxes are deductible only by the person upon whom they are imposed. See *Magruder* v. *Supplee*, 316 U. S. 394, 396. The issue before us therefore is whether the Oklahoma property taxes were imposed upon petitioner or upon its predecessors in title. The Government relies upon *Board of Commissioners of Comanche County* v. *Central Baptist Church*, 136 Okla. 99, 276 Pac. 726, and *In re Sinclair Prairie Oil Co.*, 175 Okla. 289, 53 P. 2d 221 (but cf. *Allen* v. *Henshaw*, 197 Okla. 123, 168 P. 2d 625), and argues that since the taxes are assessed as of January 1, they must be regarded as imposed upon the one who owned the property on that day; accordingly, it takes the position that a transferee who acquires the property later in the year is not entitled to the deduction. However, in determining the person upon whom the taxes are imposed, the pertinent inquiry, as outlined in *Magruder* v. *Supplee, supra,* is whether petitioner became personally liable for the taxes or whether a lien for such taxes attached to the property while it was the owner. 316 U. S. at p. 399. The answer to these questions must be sought in Oklahoma law.

Petitioner relies upon 68 Okla. Stat. Ann., sec. 15.5.[1] These provisions were regarded as of crucial importance in *Noble* v. *Jones*, 45 F. Supp. 504 (W. D., Okla.), appeal dismissed 130 F. 2d 754 (C. A. 10), which presented substantially the same issue as is involved herein. In that case, one who purchased various Oklahoma properties in March, May, and August 1937, was held entitled to deduct the property taxes which he subsequently paid. By reason of the statutory

---

[1] § 15.5  GRANTOR AND GRANTEE—LIABILITY—DATE OF LIEN—LIVESTOCK AND POULTRY—SPECULATIVE VALUE.

As between grantor and grantee of any land where there is no express agreement as to who shall pay the taxes that may be assessed thereon, taxes on any real estate shall become a lien on such real estate on the 1st day of October of each year, and if such real estate is conveyed after said date the grantor shall pay such taxes, and if conveyed on or prior to October 1st of such year the grantee shall pay such taxes.

provisions just adverted to, the court held that the property taxes were imposed upon the purchaser, who was therefore entitled to the deduction. Although the matter may not be completely free from doubt, we accept the decision of the District Court in *Noble* v. *Jones, supra.* The question is one of local law, and it was decided by a judge who was presumably familiar with Oklahoma law (cf. *MacGregor* v. *State Mutual Co.,* 315 U. S. 280, 281; *Helvering* v. *Stuart,* 317 U. S. 154, 164; *Estate of Spiegel* v. *Commissioner,* 335 U. S. 701, 707–708). We think the result reached is reasonable and we follow it here. We realize that a Memorandum Opinion of this Court, rendered shortly prior to the decision in *Noble* v. *Jones, supra,* took a different view on the merits of this issue. However, there was not then available the analysis of Oklahoma law made by the District Court, which we have concluded to follow.

2. A second issue in this case relates to an alleged overpayment for 1946 in the amount of $163.70 representing an addition to tax under section 291 (a) of the Internal Revenue Code. Petitioner asks us to determine an overpayment in that amount for 1946. No deficiency has been determined with respect to 1946 and we are without jurisdiction to consider the issue urged upon us by petitioner. See sec. 272 (g) of the Code.[2] Cf. *Commissioner* v. *Gooch Milling & Elevator Co.,* 320 U. S. 418; *Fisher* v. *Commissioner,* 149 F. 2d 540 (C. A. 7).

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

[2] SEC. 272. PROCEDURE IN GENERAL.

(g) JURISDICTION OVER OTHER TAXABLE YEARS.—The Board in redetermining a deficiency in respect of any taxable year shall consider such facts with relation to the taxes for other taxable years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other taxable year has been overpaid or underpaid.