Samuel W. Meisel and Rose M. Meisel v. Commissioner.
Meisel v. Commissioner
Docket No. 411-66.
United States Tax Court
T.C. Memo 1966-142; 1966 Tax Ct. Memo LEXIS 141; 25 T.C.M. (CCH) 765; T.C.M. (RIA) 66142; June 23, 1966
A. J. Schiffer and Harry J. Winick, 570 Seventh Ave., New York, N. Y., for the petitioners. Paul H. Frankel, for the respondent. DAWSON *142 Memorandum Opinion DAWSON, Judge: On April 25, 1966, the petitioners filed a motion to vacate an ex parte order entered by the Chief Judge on March 28, 1966, granting respondent's motion to dismiss this proceeding for lack of jurisdiction insofar as it relates to the taxable year 1961. At the request of petitioners a hearing was held at New York City on June 13, 1966, with respect to their motion to vacate the prior order. The question we are asked to decide is whether this Court has jurisdiction over the year 1961 where the determination in the statutory notice of deficiency disclosed a deficiency for the year 1960 and an over-payment, but no deficiency, for the year 1961. The pertinent facts can be stated briefly. On October 29, 1965, a notice of deficiency was mailed to the petitioners. It provides that: In accordance with the provisions of existing internal revenue laws, notice is hereby given that the determination of your income tax liability discloses a deficiency for the taxable year ended December 31, 1960 in the amount of $42,417.18 and an overassessment for the taxable year ended December 31, 1961 in the amount of $3,037.88. The attached statement shows the *143 computation of the deficiency and overassessment. Attached to the notice of deficiency is a statement which reads, in part, as follows: INCOME TAX
Over-
Taxable Year Ended
assessment
Deficiency
December 31, 1960
$42,417.18
December 31, 1961
$3,037.88 The overassessment shown herein should not be regarded as finally determined. When final determination has been made the overassessment to the extent of the amount allowable will be made the subject of a notice of adjustment, which will reach you in due course through the office of the District Director of Internal Revenue for your District, and will be applied by that official in accordance with section 6402 of the Internal Revenue Code of 1954, provided that you have fully protected yourself against the expiration of the statute of limitations with respect to the apparent overassessment referred to in this letter by filing with the District Director of Internal Revenue for your District a timely claim for refund on Form 843, a copy of which is enclosed. The petition filed on January 24, 1966, alleges error with respect to the deficiency determined for 1960 and the overassessment *144 for 1961. The prayers for relief ask the Court to determine that there is only a deficiency of $538.49 for 1960 and a deficiency of $578.18 for 1961 and no overassessment for that year. On March 22, 1966, respondent filed simultaneously (1) his answer to the petition and (2) a motion to dismiss the year 1961 for lack of jurisdiction because the petitioners are "prohibited from filing a petition under section 6213(a) of the Internal Revenue Code of 1954 for the year 1961 where no deficiency has been determined by the respondent." Petitioners' contentions, as expressed in their motion and reiterated in oral argument, are: The years 1960 and 1961 are inextricably intertwined. A brief outline of the major basic transactions might be helpful. Rose M. Meisel (also referred to as "Rose") sold all her stock in S. W. Meisel Realty Corp. to Eleanor M. Howard, her daughter, (also referred to as "Eleanor") in 1960, receiving a part of the selling price thereof in 1960. The sale resulted in a substantial capital gain which Rose elected to report on the installment basis. Rose received the first installment of the balance due in 1961 together with interest on the installment. *145 Rose reported the capital gain element of the 1961 installment and the interest in her 1961 income tax return. In 1960, Rose received money from Eleanor as a loan. Rose repaid part of the loan in 1960 and also paid interest on the loan in 1960. Rose made further part payment on account of the loan in 1961 and also paid interest in 1961. Rose deducted, inter alia, the interest paid to Eleanor in 1960 and 1961 to the extent paid in each respective year. Respondent's determination, consolidating and somewhat simplifying the statements contained in respondent's notice of deficiency, is grounded on respondent's viewpoint that Rose received the entire sales price in 1960, or disposed of the entire installment obligation in 1960, and that whatever gain she would realize on the pertinent transaction was realized in 1960. As a corollary of such approach, respondent determined that Rose had no gain in 1961 (from the pertinent transaction), that Rose received no interest income from Eleanor in 1961, and that Rose paid no interest to Eleanor in 1960 and 1961 because Rose owed Eleanor nothing. It is apparent that the basic issues that are in dispute stem from the same basic transactions. *146 A determination of the year 1960, irrespective of what the determination is, cannot fail to affect the year 1961 as a matter of logic. Were the respondent to prevail on the merits, there would be a deficiency for 1960 and an overassessment for 1961. However, if the petitioners were to prevail, there would be a small deficiency for 1960 (refer to paragraph 3(a) of the petition) and a deficiency for 1961 (refer to third prayer for relief on page 5 of petition). In view of the foregoing, one court should decide the basic issues which result in tax effects in more than one year. The respondent initiated the controversy for both years when he issued the statutory notice. The denial of this Court's jurisdiction in respect of the year 1961 is akin to an attempt to split the cause of action, an attempt foreign to the principles of modern judicial procedures. * * *
It is respectfully submitted that a complete statement of the rule in respect of the jurisdiction of the Tax Court as regards a "deficiency" might be stated to the effect: When the same transaction has a tax effect in more than one year and the statutory notice refers to more than one year, the Tax Court has jurisdiction *147 if a decision on the basic issues will determine the tax liability of all the years before the Court and, considering the posture of the pleadings, it is possible that a deficiency has been asserted or may result from the decision of the Tax Court. We cannot agree with the "rule" advocated by petitioners. From its creation the Tax Court has had limited jurisdiction and it still does. [1] Since the enactment of section 274(g) of the Revenue Act of 1926 [now section 6214(b) [2] of the Internal Revenue Code of 1954] and the bellwether opinion in Cornelius Cotton Mills, 4 B.T.A. 255 (1926), we have held that, so far as the jurisdiction of this Court is concerned, "each taxable year must stand upon its own feet * * *, and the question, whether there has been an overpayment in some year for which a deficiency has not been determined which should be allowed as a credit, is one over which the Board [Tax Court] has no jurisdiction." See also Fidelity & Deposit Co. of Maryland, 4 B.T.A. 283, 285 (1926); F. A. Gillespie Trust, 21 T.C. 739, 742 (1954); Robert J. Dial, 24 T.C. 117, 125 (1955); Elizabeth Lewis Saigh, 36 T.C. 395, 427 (1961); *148 and cf. Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418 (1943). Accordingly, petitioners' motion to vacate the order of the Court dated March 28, 1966, must be denied.
An appropriate order will be entered. Footnotes
1. See sections 6211 through 6215, Internal Revenue Code of 1954↩. 2. SEC. 6214. DETERMINATIONS BY TAX COURT. (b) Jurisdiction oOver Other Years. - The Tax Court in redetermining a deficiency of income tax for any taxable year or of gift tax for any calendar year shall consider such facts with relation to the taxes for other years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year has been overpaid or underpaid.↩