LESTER E. BROWNING and VELETTE BROWNING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Browning v. Commissioner
Docket No. 3762-72.
United States Tax Court
T.C. Memo 1974-80; 1974 Tax Ct. Memo LEXIS 243; 33 T.C.M. (CCH) 429; T.C.M. (RIA) 74080; March 28, 1974, Filed. *243 Charles W. Gabler, for the petitioners. Alan R. Herson, for the respondent. DRENNEN
MEMORANDUM OPINION. DRENNEN, Judge: Respondent determined deficiencies in petitioners' Federal income tax of $7,116.32 and $9,304.29 for the years 1967 and 1968, respectively. Respondent also determined that part of the above underpayments was due to negligence or intentional disregard of rules and regulations and asserted 5-percent additions to tax under section 6653(a) of $355.82 for 1967 and $465.21 for 1968. Petitioners do not contest the merits of the deficiencies; the only issue for decision appears to be whether this Court has jurisdiction to enter a judgment in this case.
All of the facts were stipulated and the case was submitted on the stipulated facts without opening statements or oral arguments. The stipulated facts are as follows. Petitioners Lester E. and Velette Browning, husband and wife, filed joint Federal tax returns for the years 1967 and 1968 with respondent's western service center at Ogden, Utah. At the time the petition was filed, petitioners resided in Los Angeles County, Calif. Hereafter petitioner will refer to Lester E. Browning. Respondent *244 issued a joint notice of deficiency in this case on February 25, 1972. On May 23, 1972, petitioner and his attorney had a conference with the district conference staff of respondent's district director's office in Los Angeles. The parties did not reach a settlement. A representative of the district conference staff advised petitioner and his counsel to file a petition with this Court. In reliance on that advice, petitioners mailed their petition to this Court on May 23, 1972, which was received and filed on May 25, 1972. Petitioners would not have submitted the petition but for the advice of respondent's representative. On May 30, 1972, a second conference was held with the district conference staff. The following agreement was reached as to the deficiencies in petitioners' income tax and additions to tax: Year
Deficiency
Addition to tax sec. 6653(a) 1967
$7,116.32
$355.82
1968
6,763.66
338.18
At that time petitioners' counsel executed a consent to the immediate assessment and collection of the deficiencies and additions to tax as agreed upon. On July 7, 1972, petitioner filed a petition in bankruptcy in the U.S. District Court for the Central *245 District of California. The deficiencies and additions to tax as agreed upon above were entered on the list of unsecured creditors filed with the petition. On July 17, 1972, respondent assessed the deficiencies and additions to tax agreed upon above. On October 31, 1972, petitioner was adjudged a bankrupt. On November 21, 1972, respondent filed his answer in this case. The assessments made on July 17, 1972, have been abated. It is further stipulated that if this Court should find for respondent, the deficiencies and additions to tax are the amounts agreed upon mentioned above. When this case was called for trial the Court met with counsel in chambers at the request of petitioners' counsel. In this conference the Court was apprised of the fact that petitioners were contending that this Court has no jurisdiction to enter a decision in this case because of the course of events outlined in the stipulated facts. However, no motion to dismiss for lack of jurisdiction was made by petitioners nor do the pleadings raise an issue of estoppel. Since the stipulated facts and undenied allegations of fact in the petition do not on their face prove any error in respondent's determination *246 of deficiencies, a decision in respondent's favor would appear to be mandated. Petitioners did not file a brief and we are not advised of their arguments in support of their position, raised informally, that this Court has no jurisdiction to enter a decision in this case. Respondent did file an original brief which anticipated two arguments he assumed petitioners might rely on. They are that this Court might be deprived of jurisdiction in this case because (1) of the agreement of the parties reached in conference and petitioners' consent to the immediate assessment of the deficiencies; and (2) by the adjudication of Lester as a bankrupt made by the bankruptcy court. Because the question of this Court's jurisdiction may be raised by the Court itself we have given consideration to these arguments. See Comas, Inc., 23 T.C. 8. Upon the timely filing of the petition herein this Court acquired jurisdiction. Southern California Rock and Gravel Co., 26 B.T.A. 296, 299. That jurisdiction continues unimpaired until the function of the Court is either superceded by authorized action of another Court or is terminated by entry of decision or dismissal. Emma R. Dorl, 57 T.C. 720; *247 Main-Hammond Land Trust, 17 T.C. 942, affd. 200 F.2d 308; James Duggan, 18 B.T.A. 608. After jurisdiction has vested in this Court an agreement by the parties on the amount of the deficiencies does not deprive this Court of power to determine the amount of the deficiency, if any, unless and until the settlement agreement is filed with the Court and decision is entered in accordance therewith; nor does execution by petitioners of a waiver of restrictions on immediate assessment and collection of the deficiencies agreed upon vitiate this Court's jurisdiction. United States v. Shepard's Estate, 196 F. Supp. 281, 284, affirmed as modified on other issues 319 F.2d 699. The second argument that this Court lost jurisdiction over petitioner Lester B. Browning when he filed a petition in bankruptcy and was adjudicated a bankrupt, is equally without merit. In Fotochrome, Inc., 57 T.C. 842, this Court held that its jurisdiction is concurrent, not superceded by, that of the bankruptcy court under the circumstances here present. And in In re Fotochrome, Inc., 346 F. Supp. 958 (E.D.N.Y. 1972), the bankruptcy *248 court agreed with the position of this Court and held its own jurisdiction to be concurrent with that of the Tax Court under the circumstances. See a thorough discussion of the law and cases on this subject in the opinion of this Court in Fotochrome, Inc., supra.
Estoppel is an affirmative defense which must be raised by pleadings, which was not done here. In any event it is clear that estoppel, presumably against the respondent, does not apply here. Respondent's out-of-court, stop-and-go actions with respect to settlement and assessment may have been motivated to some extent by the collection process but this Court is not involved in that process. James Duggan, 21 T.C. 740. In sum, we conclude that this Court has jurisdiction to enter a decision in this case and Decision will be entered that there are deficiencies in tax and additions to tax in the amounts stipulated by the parties.