ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN OFFICIAL OPINION REGARDING WHETHER CHURCHES MAY INVEST IN FOR-PROFIT ORGANIZATIONS, WITHOUT THE CHURCH LOSING ITS TAX EXEMPT STATUS. SPECIFICALLY, YOU ASK WHETHER A CHURCH COULD BUY STOCK IN A CORPORATION SUCH AS GENERAL MOTORS, AND RETAIN ITS TAX EXEMPT STATUS. BECAUSE YOUR QUESTION RAISES FACTUAL ISSUES, AND CAN THEREFORE NOT BE ANSWERED SOLELY AS A MATTER OF LAW, WE ARE UNABLE TO ISSUE AN OFFICIAL OPINION IN RESPONSE. HOWEVER, I OFFER THE FOLLOWING COMMENTS WHICH I HOPE WILL BE HELPFUL TO YOU. IT IS ASSUMED THAT YOUR QUESTION RELATES TO OUR INTERPRETATION OF OKLAHOMA'S LAWS ON TAX EXEMPT STATUS. TITLE 68 O.S. 2405 [68-2405] (1986) PROVIDES THAT ALL PROPERTY USED EXCLUSIVELY AND DIRECTLY FOR FRATERNAL OR RELIGIOUS PURPOSES WITHIN THE STATE SHALL BE EXEMPT FROM TAXATION. WE HAVE FOUND ONLY ONE CASE WHICH SPECIFICALLY CONSTRUES THIS PROVISION. IN BOARD OF COMMISSIONERS OF COMANCHE COUNTY V. CENTRAL BAPTIST CHURCH, 276 P. 726 (OKL. 1929), THE SUPREME COURT HELD THAT IT IS NOT SUFFICIENT ALONE THAT PROPERTY BE OWNED BY A RELIGIOUS ORGANIZATION, BUT IT MUST BE USED FOR RELIGIOUS PURPOSES IN ORDER THAT THE EXEMPTION APPLY. OF COURSE, IT IS IMPOSSIBLE TO DETERMINE WHETHER THE STOCK YOU DESCRIBED OR ANY INCOME THEREFROM, WOULD BE USED FOR RELIGIOUS PURPOSES; HOWEVER, IT WOULD APPEAR THAT IF THE PROCEEDS ARE SO USED, THE CHURCH SHOULD HAVE NO PROBLEM IN RETAINING ITS TAX EXEMPT STATUS IN OKLAHOMA. I HAVE DISCUSSED THIS INTERPRETATION WITH THE OKLAHOMA TAX COMMISSION AND THEY CONCUR WITH THIS VIEW OF THE APPLICABLE LAW. (SUSAN BRIMER LOVING)