## In re TEXAS CO.'S ASSESSMENT.
### No. 24384. March 27, 1934.

J. H. Hill, John R. Ramsey, B. W. Griffith, and Sol H. Kauffman, for plaintiff in error.

George H. Jennings and Sebe Christian, Co. Atty., for defendant in error.

OSBORN, J. This cause originated when the tax ferret of Creek county filed a statement with the county treasurer of said county that certain personal property of the Texas Company had been omitted from taxation for the year 1931. Notice was served, a hearing had, and the county treasurer held that the property in question was taxable. An appeal was taken to the county court, and the action of the treasurer sustained. From the order of said court the Texas Company prosecutes this appeal. Hereinafter the county treasurer will be referred to as plaintiff and the Texas Company as defendant.

The cause was tried below upon a stipulation of facts which show that the property involved is certain machinery, appliances, and equipment used in and around certain oil wells located in Creek county in the production of oil, and the property of defendant; that the lands covered by the leases were restricted Indian allotments; that prior to June 30, 1931, defendant paid no gross production tax on the oil produced from said lands, but that gross production tax was paid to the state of Oklahoma on all oil produced since that date.

It appears that the Congress of the United States, by an Act approved May 10, 1928 (45 Stats. at Large, 496, sec. 3), as amended by the Act of Congress approved February 14, 1931 (ch. 179, Acts of Seventy-First Congress), provided as follows:

"Section 3. That all minerals, including oil and gas, produced on and after April 26, 1931, from restricted allotted lands of members of the Five Civilized Tribes in Oklahoma, or from inherited restricted lands of full-blood Indian heirs or devisees of such lands, shall be subject to all state and federal taxes of every kind and character, the same as those produced from lands owned by other citizens of the state of Oklahoma; and the Secretary of the Interior is hereby authorized and directed to cause to be paid, from the individual Indian funds held under his supervision and control and belonging to the Indian owners of the lands, the tax or taxes so assessed against the royalty interest of the respective Indian owners in such oil, gas and other mineral production; Provided, that nothing in this act shall be construed to impose or provide for double taxation, and in those cases where the machinery or equipment used in producing oil or other minerals on restricted Indian lands are subject to the ad valorem tax of the state of Oklahoma for the fiscal year ending June, 30, 1931, the gross production tax which is in lieu thereof shall not be imposed prior to July 1, 1931."

It is under the provisions of this act that defendant began payment of gross production tax to the state from and after July 1, 1931. That portion of section 12434, O. S. 1931, relating to the state gross production tax provides that the payment thereof shall be as follows:

"In full and in lieu of all taxes * * * upon the machinery, appliances and equipment used in and around any well producing petroleum or other crude or mineral oil or natural gas * * * during the tax year in which the same is produced." (Sec. 12434, Okla. Statutes 1931.)

The contention is made that the tax year therein referred to begins January 1, 1931, instead of July 1, 1931, and the payment of gross production tax does not exempt the machinery, appliances, and equipment in-

volved herein from ad valorem taxation for said period.

Plaintiff contends that under the provisions of section 12581, O. S. 1931, property becomes taxable on January 1st of each year. The applicable portion of said statute is as follows:

"All taxable property shall be listed and assessed each year at its fair cash value, estimated at the price it would bring at a fair voluntary sale, in the name of the owner thereof on the first day of January of each year, as soon as practicable on or after the fifteenth day of January * * * of that year. * * *"

Plaintiff contends that the property was owned by defendants on January 1, 1931, and should have been listed and assessed as of that date, and the payment of gross production tax beginning July 1, 1931, would not exempt the property from ad valorem taxation for the fiscal year 1931-32.

Under our statutory procedure for the assessment and collection of taxes, property is listed and assessed as of January 1st, as soon as practicable after January 15th, of each year. (Section 12581, supra.) The assessment rolls must be completed prior to the first Monday in June of each year, for on that date the county assessor must deliver all lists of property to the county board of equalization for the purpose of having them adjusted and equalized. (Section 12613, O. S. 1931.) Upon the completion of the work of the county board of equalization, the assessor must make up an abstract of the assessments as equalized by said board and transmit same to the State Board of Equalization not later than the third Monday in June. (Section 12640, O. S. 1931.) The State Board of Equalization meets on the third Monday of June of each year for the purpose of adjusting valuations and assessments between counties. (Section 12656, O. S. 1931.) The board of county commissioners, the governing officials of each city and town, township officers, and the various boards of education meet on the first Monday in July for the purpose of preparing financial statements and estimates for the respective municipalities. The county excise boards meet on the last Saturday of July for the purpose of making tax levies for the various municipalities. When the levies so made are certified to the county treasurer, the first half of the taxes so levied is payable November 1st, the last half the following June 15th. The taxes collected are used for the expenses of government for the fiscal year from July 1st, to June 30th, the year in which the levy is made.

It is thus observed that the tax year is the fiscal year, and begins July 1st, instead of January 1st. The proceedings by the county assessor and the boards of equalization are preliminary proceedings, preparatory to the levy of the tax by the county excise board for governmental expense during the tax year in which the levy and collection is made.

To substantiate the contention of plaintiff that property is taxable as of January 1st, the case of Board of County Commissioners v. Central Baptist Church, 136 Okla. 99, 276 P. 726, is cited. In that case the church acquired certain real property on August 8, 1926, and contended that the property was exempt from taxation for the current fiscal year. In correctly holding contrary to said contention, the court said: "Real estate that is taxable in the name of the owner thereof on January 1st of any year", is confusing and invites an improper construction of the law. The court should have said, "real estate that is assessable for taxation, in the name of the owner thereof on January 1st of any year."

The case of New England Oil & Pipe Line Co. v. State Board of Equalization, 121 Okla. 277, 249 P. 914, also relied upon by plaintiff, is not in point.

The above cases relate to the adjustment of the tax rolls after the tax has been levied. The orderly process of government requires that after property has been certified to the excise boards and levies made, only a minimum amount of adjustment should be allowed. In such event the burden is on the complaining taxpayer to show some express statutory authority for the correction of his assessment.

In the instant case, no such situation is involved. Here, the property was placed upon the rolls by a tax ferret at a later date, after the assessment rolls were completed and the levies made for the fiscal year. Therefore the issue is squarely presented as to whether or not the property is subject to ad valorem taxes for the tax year of 1931-32. It is specifically provided that the gross production tax levied by the provisions of section 12434, O. S. 1931, is "in lieu of" all other taxes. It is equally well settled that the tools, machinery, appliances, and equipment used in and around any producing oil well are not subject to ad valorem taxation,

where the gross production tax is paid. Meriwether v. Lovett, 166 Okla. 73, 26 P. (2d) 200.

It is noted in the congressional act above referred to that minerals produced from restricted lands of members of the Five Civilized Tribes are subject to gross production tax after April 26, 1931, except in cases where the machinery or equipment used in producing the minerals was subject to ad valorem taxation for the fiscal year ending June 30, 1931. Under the provisions of said act, it is very clear that Congress did not intend that the equipment and machinery would be subject to double taxation. Under the theory of the plaintiff, the said property would be subjected to double taxation for the tax year of 1931-32, and this solely by reason of the provisions of section 12581, supra, providing that property shall be listed and assessed as of January 1st. The tax is not levied in January, or as of January, but the levy is made in July for the current fiscal year beginning July 1st.

The judgment of the trial court is reversed, and the cause remanded, with instructions to dismiss the proceeding.

RILEY, C. J., and CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.