VASSAR v. STRAUGHN, County Treas.

No. 30499. Sept. 15, 1942.

*129 P. 2d 77.*

William A. Vassar, pro se, of Chandler, and Thos. A. Higgins, of Stillwater, for plaintiff in error.

James M. Springer, Jr., County Atty.

of Payne County, and K. D. Greiner, Asst. County Atty., both of Stillwater, for defendant in error.

GIBSON, J. This is an action in mandamus instituted in district court by the alleged purchaser of property at tax resale against the county treasurer to compel the issuance of a resale tax deed. Judgment was for defendant, and plaintiff appeals.

The property in question was an improved town lot. It was offered for sale at the 1940 resale for delinquent taxes, penalties, interest, and costs, aggregating the sum of $1,601.04, and plaintiff offered the highest bid therefor. The property had been assessed as of January 1, 1939, at the sum of $1,950. In April, 1940, prior to the resale in May at which the property was offered for sale as aforesaid, the record owner appeared before the county equalization board and succeeded in having the assessed valuation for the 1940 levy reduced to $1,000. Plaintiff bid the sum of $670 for the lot, and tendered payment, and the defendant treasurer refused to execute the deed.

The reason assigned by defendant for such refusal was that plaintiff's bid amounted neither to two-thirds of the assessed value of the property as fixed for the current fiscal year nor to the total amount of the taxes, penalties, interest, and costs due thereon as required by 68 O. S. 1941 § 432-d.

Said section requires that improved property such as the lot here involved be sold at resale "for a sum not less than two-thirds of the assessed value of such real estate as fixed for the current fiscal year or for the total amount of taxes, penalties, interest, and costs due on such property, whichever is the lesser."

Plaintiff's bid did not amount to as much as the delinquent taxes, penalties, interest, and costs due on the lot. If said bid did not amount to as much as two-thirds of the assessed value of the lot as fixed for the current fiscal year, then it was insufficient and was not a legal bid within the meaning of the statute, and the trial court properly denied the writ.

Plaintiff says the valuation of $1,000 as fixed by the equalization board in April, 1940, constituted the assessed value for the current fiscal year within the meaning of the statute, and that his bid of $670 was therefore sufficient.

On the other hand, defendant contends that the current fiscal year at the time of the sale was the year July 1, 1939-June 30, 1940, and that the assessed value for that year was $1,950, and that plaintiff's bid of $670 was therefore insufficient in amount.

We agree with defendant that plaintiff's bid was insufficient in amount to meet the requirement of said section 432-d. Section 12581, O. S. 1931, as amended, S. L. 1933 (rep. 1941), then in force, provides that all taxable property shall be listed and assessed at its fair cash value as of January 1st of each year, and that "real property shall be listed and assessed biennially on each odd-numbered year, and the valuation so fixed on real property on the odd-numbered years shall not be changed on the even-numbered years except by the State Board of Equalization, and except as hereinafter otherwise provided . . . . " The property in this case was assessed accordingly as of January 1, 1939, for the levies of 1939 and 1940, or for the fiscal years July 1, 1939-June 30, 1940, and July 1, 1940-June 30, 1941. At the time of the sale, May, 1940, the current fiscal year, within the meaning of said section 432-d, was the year July 1, 1939-June 30, 1940. At the time of the resale the valuation of the lot had already been fixed for the current fiscal year and the levy thereon made and become final. That valuation was $1,950. Plaintiff's bid did not amount to two-thirds of that sum, and therefore did not constitute a legal bid.

The action of the board in reducing the assessed valuation placed on the lot for the even-numbered year, 1940, may have been within its statutory powers (Bonaparte, Co. Treas., v.

Tradesmen's National Bank, 175 Okla. 530, 53 P. 2d 1106), but we are not called upon to decide that question. Assuming that such action was entirely legal, the new valuation of $1,000 as fixed by the board was for the fiscal year July 1, 1940-June 30, 1941, not for the fiscal year July 1, 1939-June 30, 1940, in which the valuation was changed. The fiscal year commenced on the first day of July in each year, unless otherwise provided by law. Sec. 1, art. 10, Const. In City State Bank, etc., v. Stone, 59 Okla. 228, 158 P. 1168, it was held as follows:

"By the provisions of our Constitution and statutes, the fiscal year begins July 1st, and the term, '1911 taxes,' means the taxes levied for the fiscal year beginning July 1, 1911, and not the tax that may have been levied for the calendar year 1911."

In the instant case the property had been valued and assessed and the levy made for the fiscal year beginning July 1, 1939. That valuation was not changed for that year, but remained at $1,950. The change was for the fiscal year beginning July 1, 1940. Since plaintiff's bid did not amount to as much as two-thirds of the assessed value of the lot for the current fiscal year, the fiscal year in which the sale took place, the trial court properly denied the writ.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.