**COLONIAL ROYALTIES COMPANY, a corporation, Plaintiff in Error,**

v.

**Edgar P. SITLER, Robert E. Sitler, and Antone Copenhaver, Defendants, in Error.**

**No. 36988.**

Supreme Court of Oklahoma.

May 15, 1956.

Rehearing Denied July 10, 1956.

Harold .E. Rorschach, Tulsa, Corinne Childs, Tulsa, M. A. Dennis, W. C. Alley, Okmulgee, for plaintiff in error.

John W. Russell, Jr., Smith, Inglish & Gray, Okmulgee, for defendants in error.

HUNT, Justice.

This action was instituted by Edgar P. Sitler, Robert E. Sitler and Antone Copen-. haver against the Colonial Royalties Company, a corporation, to quiet title to 157½ acres of land in Okmulgee County. Plaintiffs base their claim of title and ownership in the land on a deed issued December 22, 1941 by the Board of County Commissioners of Okmulgee County to the plaintiff, Antone Copenhaver, who subsequently conveyed an interest to the other plaintiffs. The land was sold to Okmulgee County at a delinquent tax sale in 1930, and thereafter in 1939 a resale tax deed was issued to the Board of County Commissioners pursuant to a resale of the land. Plaintiffs allege that they have been in the continuous, actual, open and peaceable possession of the land under claim of ownership since December 22, 1941, the date of the execution of the deed by the Board of County Commissioners to the plaintiff, Copenhaver, said deed having been recorded on February 12, 1943. The defendant, Colonial Royalties Company, a corporation, filed an answer denying plaintiff's title and possession in and to the land and alleged that the resale tax deed to Okmulgee County, and the deed by the Board of County Commissioners to the plaintiff, Antone Copenhaver, were void because of irregularities and insufficient notice of resale, and further allege that Colonial Royalties Company was the owner under a deed recorded in 1925 of an undivided 9/16ths mineral interest in the land involved, and by cross-petition allege its ownership of said mineral interest, and pray that its title thereto be quieted. Upon trial of the issues judgment was entered for the plaintiffs, and the defendant, Colonial Royalties Company, appealed.

The plaintiff in error, for its first ground of reversal of the judgment, argues that its mineral interest in the land was not subject to assessment for ad valorem tax on January 1, 1929 because gross production tax was paid thereon to September 30, 1928. The record shows no oil or gas was produced or gross production tax paid subsequent to September, 1928 and prior to the institution of this action in 1953. The gross production tax paid in September,

1928 was in lieu of any other tax on the mineral interest for the fiscal year ending June 30, 1929. The case of Meriwether v. Lovett, 166 Okl. 73, 26 P.2d 200, is cited by plaintiff in error in support of its contention, but it only holds that mineral interests owned separately are not subject to sale for ad valorem tax when oil or gas is being produced therefrom and gross production tax is paid thereon, and that a tax deed issued pursuant to levy of ad valorem tax on the land during such period does not convey mineral rights in the land. The record herein does not present facts which come within the holding in the above case. The land, including the mineral rights owned by the Colonial Royalties Company, was properly assessed for ad valorem tax as of January 1, 1929 for the fiscal year beginning July 1, 1929.

See Title 68 O.S.1951 § 15.8. Also, In re Texas Co.'s Assessment, 168 Okl. 94, 31 P.2d 929, and In re Sinclair Prairie Oil Co., 175 Okl. 289, 53 P.2d 221 and In re Assessment of Champlin Refining Co., 186 Okl. 625, 99 P.2d 880.

The payment of a gross production tax on oil or gas produced from land prior to January 1st does not exclude or exempt the land, including the mineral interests therein, from assessment for ad valorem tax as of January 1st for the ensuing fiscal year beginning July 1st, where no production of oil or gas is had therefrom on or after January 1st.

The plaintiff in error says that the real test for the ad valorem tax liability on a mineral interest after it ceases to be productive of oil or gas is whether the owner is endeavoring to continue the production and not until he ceases his efforts does it become taxable. No statute or authority is cited in support of the statement and the record does not disclose any efforts to continue production beyond 1928. There was no temporary cessation of production, since no production was shown on the premises after 1928.

The plaintiff in error challenges the validity of the 1939 resale tax deed, also the Okmulgee County deed to Antone Copenhaver, and asserts they are void because of the defects and irregularities on the face of the resale deed and the tax proceedings under which the deeds were issued. In view of our holding on another proposition, as hereinafter set forth, it will not be necessary to discuss or pass upon the validity of these deeds.

 The plaintiff in error further asserts that the defendant in error, Antone Copenhaver, has no interest in the land because he conveyed all his title and interest to his co-plaintiffs, Edgar P. Sitler and Robert E. Sitler, and that Copenhaver was not a proper party in the action. The record shows that on January 21, 1950 Copenhaver executed to the Sitlers a deed to the North half of the land involved and on January 3, 1951, executed a quitclaim deed to the Sitlers covering the South half of the land, except immediately following the habendum clause the deed contained this statement:

"Except: One half of the oil, gas, and mineral rights and royalty.",

and it is contended that such exception did not reserve any mineral interest in the grantor. The plaintiffs below allege in their petition that Antone Copenhaver is the owner of an undivided one-half interest in the oil, gas and other minerals in the South half of the land involved. Such allegation as to the mineral interest is conclusive on the parties plaintiff, and we fail to see wherein the plaintiff in error has a right to challenge the construction of the deed by the parties thereto, or wherein plaintiff in error is affected or prejudiced thereby. If the grantor Copenhaver, conveyed all his mineral interest, as contended by plaintiff in error, it vested in the grantees, who succeeded to the rights of the grantor, and they are parties in this action.

 The defendants in error here were plaintiffs in the District Court, and in their petition and in their reply and answer to the answer and cross-petition of the Colonial Royalties Company allege that they, plaintiffs, were and had been in continuous, actual, open, peaceable possession of the land as owners thereof from and after the date of the deed from the County of Okmulgee to Antone Copenhaver, December 22, 1941, under and by virtue of said

County deed, and prayed judgment quieting plaintiffs' title, and in their reply and answer to cross-petition of the Colonial Royalties Company alleged that any mineral interest or rights which said company may have had in the premises was barred by the Statute of Limitations, Title 12 O.S.1951 § 93, and quote the statute, including the third and sixth sub-sections thereof.

The plaintiff below, Antone Copenhaver, as a witness identified the deed which he obtained from Okmulgee County to the land involved and testified that he took possession of the premises therein described on the day following the date he obtained the deed by going on the land and fencing the place, and putting cattle on it, and that he had been in the continuous, actual, peaceable and open possession of the premises since that time; that he paid the taxes on the land since he owned it. He identified the deeds he had given his co-plaintiffs, the Sitlers, in 1950 and 1951. He was asked on cross-examination how he took possession of the mineral rights and said he was in possession of the place, all of it.

Robert E. Sitler described the land about which he was testifying as the NE¼ of Section 14–15–12, Okmulgee County, less a 2½ acre strip on the Northwest corner, and testified that he had been the owner and in possession of the land since he bought it; that he was familiar with the property before he purchased it, and stated that he had been in continuous, actual, open and peaceable possession thereof since he purchased the land, and that it comprised a part of the Sitler Ranch, and said "We have pastured cattle on it every day since we owned it, and paid the taxes on it."

"Personal occupancy is not a necessary element of the possession required to perfect prescriptive title and is not contemplated in the periods of limitation prescribed by 12 O.S.1951 § 93."
Tucker v. McCrory, Okl., 266 P.2d 433.

The County tax deed to Antone Copenhaver was recorded on February 12, 1943, and the record in this action is sufficient to show and establish that Antone Copenhaver, individually, and he and his grantees have been in the exclusive, continuous possession of the land under claim of ownership and title thereto under the Okmulgee County deed in favor of Copenhaver for more than five years prior to the institution of this quiet title action filed in November, 1953, wherein plaintiff in error, as a defendant below, asserted ownership of an undivided ⅜ths mineral interest in the land and denied plaintiffs' title thereto.

We conclude, as a matter of law, that the plaintiffs below, by their evidence, sustained their plea and bar of the Statute of Limitations as against the asserted claim of the plaintiff in error in and to a mineral interest in the land. However, the plaintiff in error contends that where the mineral estate has been severed from the surface estate possession of the surface by its owner is not adverse to the owner of the mineral interest, and cites the case of Deruy v. Noah, 199 Okl. 230, 185 P.2d 189, in support of its statement. The facts in the case cited differ materially from those in the present action, and the holding in that case is not controlling in the case at bar. The present action involves a sale of land for delinquent taxes and all rights acquired under the tax deed include the mineral as well as the surface rights in the land. The law applicable to the present case is stated in the case of Jenkins v. Frederick, 208 Okl. 583, 257 P.2d 1058, 1059, which holds:

"A conveyance of oil, gas and other minerals in and under land is a conveyance of an interest in the land itself but oil and gas while lying in the strata of the earth, with no production therefrom, must be taxed as realty to the owner of the land if such land is taxable.

"In Oklahoma the statutory method of assessment of land for ad valorem taxes is in rem and adverse interests which may be held in realty are not separable for taxation purposes.

"A resale tax deed conveys to the purchaser the entire interest and estate in land, including oil and gas rights therein, where oil and gas was not being produced therefrom and gross production tax paid thereon during the years of delinquency in failing to pay ad valorem taxes.

"An action or defense against a resale tax deed, which is void on the face of the tax sale proceedings, is barred from prosecution, if there has been a lapse of time, following its recordation, accompanied with possession of the real property by the holder of the resale tax deed, for the period prescribed by statute as sufficient to bar an action for the recovery of the real property."

The following language in the opinion of the above preceding case is applicable to the present action, wherein it is stated:

"We must keep in mind that, in the instant case, plaintiff was in possession of the property at all times after his deed was recorded and for more than five years before defendant attempted to attack the validity of his deed. Defendant was attempting more than an attack on validity of the deed. She was attacking the validity of a resale tax deed coupled with actual possession by the purchaser for the limitation period. We have seen that plaintiff's possession under his resale tax deed is possession of the entire property including the nonproducing minerals. Hales v. Lee [199 Okl. 110, 184 P.2d 451] and other cited cases, supra. Having lost her title to her mineral interests under the resale, when defendant pleads here that she has title and that plaintiff has no title to said minerals and seeks to have her title quieted, she is bringing an action for the recovery of real property from one who was in possession beyond the period limiting the time within which she could bring such action. This she could not do in face of the above statute."

The holding announced in the preceding case when applied to the facts and record in the present action show and establish that the claim of ownership asserted to a ⅗6ths mineral interest in the land by the plaintiff in error is barred by the Statute of Limitations, Title 12 O.S.1951 § 93, subsections (3) and (6). The District Court adjudged and declared the plaintiffs in the trial court, defendants in error here, to be the owners of the land involved, including their respective claims to the mineral interest therein, and that the Colonial Royalties Company, plaintiff in error herein, has no right, title or interest in the land, and that it and all persons claiming under it are restrained from asserting any right, title or interest in the land.

We have examined the record and conclude and hold that the judgment of the District Court is supported by the facts and law, and the judgment of the District Court is affirmed.

JOHNSON, C. J., and DAVISON, BLACKBIRD and JACKSON, JJ., concur.

WILLIAMS, V. C. J., concurs in result.