Appeal of **CRESCENT PRECISION PRODUCTS, INC.,** from the Board of Tax Roll Corrections of Tulsa County, State of Oklahoma.

**No. 44452.**

Supreme Court of Oklahoma.

Nov. 13, 1973.

Jones, Givens, Brett, Gotcher & Doyle, Tulsa, for appellant.

S. M. Fallis, Dist. Atty., and Marvin E. Spears, Asst. Dist. Atty., Tulsa, for appellee.

WILLIAMS, Vice Chief Justice.

This is an appeal by Crescent Precision Products, Inc., from a judgment of the District Court of Tulsa County which in effect sustained the action of the Tulsa County Board of Tax Roll Corrections in refusing to give Crescent the benefit of the second clause of Article X, § 6A, Okla-homa Constitution, in the computation of Crescent's 1968 ad valorem taxes. That clause is as follows:

"* * * provided, that goods, wares and merchandise, whether or not moving on through rates, shall be deemed to move in interstate commerce, and not subject to taxation in this State if not detained more than nine (9) months where such goods, wares and merchandise are so held for assembly, storage, manufacturing, processing or fabricating purposes; * * *".

This section of our Constitution was adopted by the people as a constitutional amendment on September 17, 1968.

In a related case recently decided, In the Matter of the Assessment of, etc., Certain Property owned by Crescent Precision Products, Inc., Okl., 514 P.2d 933, tried under a stipulation of facts, this clause was held applicable in the computation of Crescent's 1969 taxes. The additional question presented in the case now before us, tried under a similar stipulation, is whether it is also applicable in the computation of Crescent's 1968 taxes. For a description of Crescent's method of doing business, see the opinion in the related case.

In the case from which the present appeal arose, the trial court held that Article X, § 6A, Oklahoma Constitution, did not become effective until the tax year 1969 and denied Crescent any relief as to its 1968 taxes. Upon appeal, the matter was assigned for decision to the Court of Appeals, Div. No. 1, which, being of the view that Crescent's property did not qualify under the clause in any event, did not reach the additional question here presented. The matter is now before this Court on petition for certiorari.

A constitutional provision is self-executing when it can be given effect without the aid of legislation and there is nothing to indicate that legislation is contemplated to render it operative, and when there is a manifest intention that it should go into immediate effect, and no ancillary legislation is necessary to the enjoyment of

a right given, or the enforcement of a duty imposed. 16 C.J.S. Constitutional Law § 48; Latting v. Cordell, 197 Okl. 369, 172 P.2d 397, 399; 16 Am.Jur.2d Constitutional Law, § 94, 51 Am.Jur. Taxation, § 500. The presumption is that constitutional provisions are self-executing. 16 Am.Jur.2d Constitutional Law, § 96.

 By these generally accepted rules, § 6A is clearly self-executing and became effective immediately upon its adoption on September 17, 1968. It contains no provision for a later effective date and no requirement for legislation to render it effective. The problem, then, is to determine what effect, if any, such § 6A had upon 1968 taxes.

In this state, the fiscal year begins on the first day of July; see Art. X, § 1, Oklahoma Constitution, and City State Bank v. Stone, 59 Okl. 228, 158 P. 1168. Accordingly, taxes for the payment of the estimated ordinary expenses of government are levied on a fiscal year basis; Art. X, § 2, Oklahoma Constitution. For these reasons, at least in theory, the expenditure of taxes collected during the 1968 fiscal year began on July 1, 1968.

After an exhaustive search, we have found no case that is precisely in point with this one on the facts, and none is cited in the briefs. On closely related questions, however, we have found no case in which a nontaxable status, or tax exempt status, accruing after the beginning of the fiscal year, was held to have enabled the taxpayer to avoid the payment of taxes for that year. See, for instance, Board of Com'rs of Comanche County v. Central Baptist Church, 136 Okl. 99, 276 P. 726, in which this Court held that the accrual of a nontaxable status on August 8th did not apply to the taxes for the current year.

On the other hand, changes in the taxable status of property occurring before the beginning of the fiscal year have frequently been given effect for the fiscal year concerned. See, for instance, In Re Texas Co's Assessment, 168 Okl. 94, 31 P.2d 929, in which this Court held that the imposi-

tion of a gross production "in lieu" tax pursuant to an Act of Congress approved on February 14th, 1931, had the effect of exempting the property concerned from ad valorem taxes for the fiscal year 1931–32.

 We hold that since the constitutional amendment became effective after the beginning of the 1968–69 fiscal year, the property in question was subject to taxation for the 1968 taxable year.

The judgment of the Court of Appeals affirming the judgment of the trial court is therefore in turn affirmed, but for the reasons given in this opinion.

IRWIN, BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

DAVISON, C. J., concurs in result.