In re SUPREME COURT ADJUDICATION
OF INITIATIVE PETITION NO. 1 IN
WASHITA COUNTY, State of Oklahoma.

No. 48411.

Supreme Court of Oklahoma.

Feb. 24, 1976.

Ronald L. Wesner, Ray L. Jones, Jr., Cordell, for protestants.

Jimmy D. Turner, Cordell, for proponents.

BARNES, Justice:

There exists, by virtue of the Constitution, Article 10, Section 10A, a provision for activating and for repealing a special annually recurring ad valorem tax levy in a county for public library purposes. The provision is self-executing, by its terms. Appeal of Crescent Precision Products, Inc., 516 P.2d 275 (Okl.1973). The tax levy, once established, may be cancelled by a majority vote of the qualified electors of the county voting on the question at an election called for that purpose by the Board of County Commissioners upon petition initiated by not less than twenty percent of the qualified electors of the county based on the total number of votes cast at the last general election for the county office receiving the highest number of votes at such an election.

There was circulated in Washita County a petition, the purpose of which was to cause an election to decide whether an existent special annual recurring ad valorem tax levy in Washita County for library purposes should be terminated.

The petition was filed by its proponents with the County Clerk. An application

was then filed by the proponents praying this Court to consider the petition under the provisions of 34 O.S.1971 § 8, governing initiative and referendum petitions. This Court ordered the petition and related documents forwarded to the Clerk of this Court and we thereupon caused the number of signatures to be determined by a Referee. The County Clerk, by order of the Referee, published his determination upholding the validity of the petition. Protests were lodged before this Court, and a hearing held by the Referee where all parties agreed there existed only legal questions and no factual questions. Briefs were filed.

■ The County Clerk had held the petition sufficient. The contestants on the petition filed their brief in chief. Proponents, who had by application invoked the jurisdiction of this Court, then sought to withdraw their application. The motion was denied and proponents then filed a brief. Proponents take the position that it was a misconception of remedy to apply to this Court because the petition contemplated by the cited constitutional and statutory provisions is not an initiative petition and consequently is not subject to the legal requisites of an initiative petition. We agree. At the time of the order of this Court denying the proponents' motion to withdraw the application seeking to invoke the jurisdiction of this Court, the contention had not been presented by briefs.

While the constitutional and statutory provisions of concern here are similar to initiative and referendum processes, they are not the same. The processes for levy or for repeal of this special annual recurring ad valorem tax levy in a county for library purposes does not impose on the judicial department of government any duty, and the judicial system can only be concerned with any justiciable controversy arising from the exercise of those processes.

The order entered herein denying the motion by proponents to withdraw their application invoking the jurisdiction of this Court is vacated and proponents' motion to withdraw the initial application to this Court is reinstated, and is sustained.

■ Having determined that the procedures applicable to initiative petitions are not applicable to petitions such as here presented, this Court makes no further determination except to note that any challenge to the legality of any such petition is properly for resolution in the District Court, and any omission of performance of related duty is also for resolution in that court.

The Clerk of this Court is directed to return to the County Clerk of Washita County the petition and all related instruments received from such County Clerk under the order entered May 13, 1975.

ALL JUSTICES CONCUR.