BOARD OF LEGISLATIVE COMPENSATION — QUORUM REQUIRED AND DEFINED — OPEN MEETING REQUIRED — PROCEDURES, LIMITATIONS, AND AUTHORITY OF BOARD DEFINED A majority vote of a quorum of the Board on Legislative Compensation is required for the Board to take action pursuant to Article V, Section 21 of the Oklahoma Constitution, and the Board is without the authority to specify a greater number of votes to be required for the Board to take action. A quorum of the Board would be a majority of the entire Board, five members. The Chairman of the Board can call a certain number of meetings to be held before a final vote is taken on the matter of legislative compensation, subject to the will of the majority of the Board members. That portion of Article V, Section 21 relating to the Board is a self-executing provision of the Constitution, and as such, matters such as the number of times every two years the Board must meet need not be spelled out by the Legislature in order for the terms and requirements of that provision of the Constitution to take effect. The authority and requirement for the Board to hold sessions or meetings stems from the creation of the Board itself. The Board's constitutional duty to review the legislative compensation every two years and its authority to change such compensation can only be carried out in an open meeting pursuant to 25 O.S. 201 [25-201] (1971), and any vote on any action taken by the Board must be taken in such public meeting with the vote of each member publicly cast and recorded. The Board has authority to adopt guidelines or pro cedures to facilitate carrying out its duties and authority under Article V, Section 21, but it is not required to do so. Any such guidelines or procedures adopted by the Board would be legally applicable to all future Board meetings, actions and decisions so long as a majority of the Board does not change or modify them. Previous meetings and actions and future meetings and actions of the Board would not be invalid for the reason that detailed guidelines and procedures have not been spelled out by the Legislature or the Board itself. Specifically defined limits of authority beyond that expressed by that portion of Article V, Section 21, relating to the Board, are not necessary in order for the Board to carry out the duties imposed on it by the Constitution; however, this authority of the Board is limited by the universal test of reasonableness, that is, it must have a reasonable and rational basis for its exercise. The Board has a constitutional duty to meet as prescribed in the Constitution and such duty is not contingent upon having the questions posed herein answered. The authority of the Board under Article V, Section 21 extends to decreasing or increasing legislative compensation and cannot be exercised on an individual basis for specific members of the Legislature; but, greater compensation may be provided by the Board for leadership positions within the Legislature. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Since under Article V, Section 21 of the Oklahoma Constitution, the number of votes required for the Board on Legislative Compensation to take action is not specified, how many votes would be required for the Board to take action and can the Board specify a number of votes greater than a majority in order to take action? 2. Can a certain number of meetings be held by the Board before a final vote is taken on any change in legislative compensation ? If so, where does this type of authority originate and why isn't this or similar guidelines, which are lacking in the constitutional provision mentioned above, spelled out by the Legislature? 3. What is the authority for voting and decision-making procedures of the Board when only a quorum of the members are present, and what authority determines what constitutes a quorum? 4. Can the Board on Legislative Compensation establish guidelines or procedures for carrying out its duty and would such guidelines or procedures be legally applicable to all future Board meetings and decisions? 5. Since I assume that the Board's authority has not been legally defined since the Board's inception, how can previous meetings of the Board be considered to have followed constitutional standards and mandates, and if the 1976 Board meeting takes place without these questions concerning the Board's authority being specifically defined will any decisions arrived at such meeting be upheld constitutionally ? 6. Are specifically defined limits of authority necessary for the Board on Legislative Compensation to arrive at decisions with a constitutional consistency taxpayers certainly expect? 7. Are answers to these questions required prior to the next regular session of the Board on Legislative Compensation ? 8. Does the Board on Legislative Compensation have authority to decrease legislative compensation as well as increase it? 9. Does the Board have authority to consider salary or compensation increases or decreases upon an individual basis for specific members of the Legislature? The authority of the Board of Legislative Compensation is set forth in ArticleV, Section 21 of the Oklahoma Constitution, and the pertinent portion thereof reads as follows: ". . . Members of the Legislature shall receive such compensation as shall be fixed by the Board on Legislative Compensation. Said Board shall each two years review the compensation paid to the members of the Legislature and shall be empowered to change such compensation; such change to become effective on the fifteenth day following the succeeding general election . . . ." Concerning your first question, according to 73 C.J.S. Public Administrative Bodies and Procedure, Section 21, as a general rule, in the absence of a statute to the contrary, where authority is conferred upon an administrative body of three or more members, such authority may be exercised by a majority of the body or of a quorum. Further, in view of the fact that in the absence of a statutory provision to the contrary, a majority vote of a quorum of a board constitutes action by the board, such board could not, unless authorized by the Legislature, specify a different number of votes required for action by the board. Concerning your second question, an administrative body or board can act officially only in or at a lawfully convened session if the act is one requiring deliberation or the exercise of discretion or judgment, 73 C.J.S., supra, Section 20. In view of the rule set forth in the preceding paragraph, where the acts required of a board necessitate deliberation or the exercise of discretion or judgment, which is the case with regard to the Board on Legislative Compensation, as evidenced from the plain language of Article V, Section21 of the Oklahoma Constitution, such acts can only be carried out in a session or meeting. Of course, the Chairman would have authority to establish several meeting dates subject, however, to the will of the majority of the members of the Board. As to the last part of your second question, supplemental details desirable for carrying out the authority of the Board under Article V, Section 21 could be spelled out by the Legislature if the Legislature so desired. From a reading of this constitutional provision, however, it clearly appears to be a self-executing provision since it can be given effect without the aid of legislation and there is nothing contained therein to indicate that legislation is contemplated to render the provision operative, Appeal of Crescent Precision Products, Inc., 516 P.2d 275 (Okl. 1973). This case also held that a presumption exists that constitutional provisions are self-executing. In the case of In re Initiative Petition No. 2 of Cushing,157 Okl. 54, 10 P.2d 271 (1932), it was held that, although a constitutional provision is self-executing, legislation implementing such provision may be desirable. It is, therefore, clear that since Article V, Section 21 of is self-executing the Legislature is not required to enact implementing legislation setting forth the administrative details to be followed by the Board in carrying out its specific constitutional duties and authority; however, the Legislature may do so if it desires to do so. Concerning your third question, this is answered in part by the answer to Question No. 1 which states that a majority of the Board members must vote to take a particular action in order for the action to constitute the action of the Board. Further, the sessions of the Board for purposes of reviewing legislative compensation are subject to the requirements of 25 O.S. 201 [25-201] (1971), commonly referred to as the Open Meeting Law. Under this statutory provision, all sessions of the Board on Legislative Compensation are required to be open to the public and any vote by the Board must be taken in the public meeting with the vote of each member publicly cast and recorded. Concerning a quorum, Black's Law Dictionary, Fourth Edition, at page 1421, defines "quorum" as a majority of the entire body. A majority of the total membership of the Board therefor constitutes a quorum and a majority vote of such quorum is necessary for the Board to act. As to your fourth question, an administrative body or board has only that authority expressly granted to it in the Constitution or statutes and such additional implied authority or power as is necessary for the due and efficient exercise of the express authority or power granted to it. Oklahoma Tax Commission v. Fortinberry Co., 201 Okl. 537, 207 P.2d 301
(1949). Under Article V, Section 21, the Board on Legislative Compensation has the express authority or power to review the compensation paid to members of the Legislature and to change such compensation. Thus, it would follow that the Board would have the authority which is necessary for the due and efficient exercise of this express power. Such authority, however, cannot extend beyond the express authority of the Board. Thus, the Board would have the authority to establish guidelines or procedures which are necessary for it to duly and efficiently carry out its express authority under Article V, Section 21, but it is not required, as a matter of law, to do so. As to the second part of your fourth question, since the guidelines of procedures mentioned above would have to be adopted by majority vote of the Board, such guidelines and procedures would be legally applicable and binding on all future Board meetings and decisions, unless and until a majority of the Board chose to change or otherwise modify such guidelines or procedures. Concerning your fifth question, in view of the answer to the second question, wherein we held that the provisions of Article V, Section 21 of the Oklahoma Constitution, creating the Board on Legislative Compensation and setting forth its duties and powers is a self-executing provision of the Constitution, all of the previous meetings and actions by the Board since the adoption of the amendment to Article V, Section 21 by the people of the State of Oklahoma in 1968 would be considered to have been done pursuant to this constitutional mandate adopted by the people. Concerning the second portion of your fifth question, for the same reasons set forth immediately above, the present Board on Legislative Compensation has a constitutional duty to meet to review the compensation paid members of the Legislature pursuant to Article V, Section 21, and such duty is not conditioned upon the details of its authority or procedures being spelled out, either in the Constitution or by the Legislature. Further, the Board's authority under Article V, Section 21 is presently limited by the test of reasonableness set down by the courts and applicable to all administrative bodies, that is, administrative authority and discretion must have a reasonable or rational basis and cannot be exercised in an arbitrary manner. Hennessey v. Independent School District No. 4, Lincoln County, 552 P.2d 1141 (Okl. 1976). As to your seventh question, in view of the preceding answers hereto, wherein we hold that the portion of Article V, Section 21 relating to the Board on Legislative Compensation is a self-executing provision of the Constitution, the present Board has the constitutional duty and obligation to meet as prescribed in that Section of the Constitution and such obligation is not contingent or conditioned upon receiving answers to the foregoing questions. Concerning your eighth question, under the express language of Article V, Section 21, the Board is empowered to "change" legislative compensation. The term "change", in the absence of any qualifying language, would encompass a decrease in compensation, as well as an increase. The language of Article V, Section 21 contains no qualification on the meaning of the word "change". As to your ninth question, the Board on Legislative Compensation, of course, has sole authority concerning review and change of compensation paid to members of the Legislature. From a plain reading of Article V, Section 21, it does not appear that the Board's authority would extend to increasing or decreasing legislative compensation on an individual basis for specific members of the Legislature. Historically, the individual members of the Legislature occupying leadership positions have received greater compensation than other members of the Legislature from the Board on Legislative Compensation; however, we do not view this as being constitutionally objectionable so long as such additional compensation is based upon the additional duties required of leadership positions and is not based on individual considerations. This would appear to be a reasonable exercise of the Board's discretion, having a rational basis in fact since such additional compensation attaches to the position of leadership itself, which requires additional duties, and is not based upon considerations personal to the individual occupying such position. It is, therefore, the opinion of the Attorney General that your questions be answered as follows. A majority vote of a quorum of the Board on Legislative Compensation is required for the Board to take action pursuant to Article V, Section 21 of the Oklahoma Constitution, and the Board is without the authority to specify a greater number of votes to be required for the Board to take action. A quorum of the Board would be a majority of the entire Board, five members. The Chairman of the Board can call a certain number of meetings to be held before a final vote is taken on the matter of legislative compensation, subject to the will of the majority of the Board members. That portion of Section 21 of Article 5 relating to the Board is a self-executing provision of the Constitution, and as such, matters such as the number of times every two years the Board must meet need not be spelled out by the Legislature in order for the terms and requirements of that provision of the Constitution to take effect. The authority and requirement for the Board to hold sessions or meetings stems from the creation of the Board itself. The Board's constitutional duty to review the legislative compensation every two years and its authority to change such compensation can only be carried out in an open meeting pursuant to 25 O.S. 201 [25-201] (1971), and any vote on any action taken by the Board must be taken in such public meeting with the vote of each member publicly cast and recorded. The Board has authority to adopt guidelines or procedures to facilitate carrying out its duties and authority under Article V, Section 21, but it is not required to do so. Any such guidelines or procedures adopted by the Board would be legally applicable to all future Board meetings, actions and decisions so long as a majority of the Board does not change or modify them. Previous meetings and actions and future meetings and actions of the Board would not be invalid for the reason that detailed guidelines and procedures have not been spelled out by the Legislature or the Board itself. Specifically defined limits of authority beyond that expressed by that portion of Article V, Section 21, relating to the Board, are not necessary in order for the Board to carry out the duties imposed on it by the Constitution; however, this authority of the Board is limited by the universal test of reasonableness, that is, it must have a reasonable and rational basis for its exercise. The Board has a constitutional duty to meet as prescribed in the Constitution and such duty is not contingent upon having the questions posed herein answered. The authority of the Board under Article V, Section 21 extends to decreasing or increasing legislative compensation and cannot be exercised on an individual basis for specific members of the Legislature; but, greater compensation may be provided by the Board for leadership positions within the Legislature. (GERALD E. WEIS) (ksg)