CORPORATION COMMISSION Under the current language of Article IX, Section 16, of the Oklahoma Constitution, members of the Oklahoma Corporation Commission cannot be required to be graduates of an accredited law school or college or university with a major in accounting, finance, business administration, engineering or economics as a prerequisite to holding the office of Corporation Commissioner. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. In the absence of a constitutional amendment adopted by a vote of the people, may the Legislature require that members of the Oklahoma Corporation Commission be graduates of an accredited law school or college and university with a major in accounting, finance, business administration, engineering, or economics as a prerequisite to the holding of such office? 2. If the answer to question one is in the affirmative, may such professional qualifications be applied to present members of the Oklahoma Corporation Commission upon the completion of their present term of office at the time said members run for re-election? The qualifications for members of the Corporation Commission are set forth in Article IX, Section 16 of the Oklahoma Constitution, the pertinent part of which reads as follows: "The qualifications of such commissioners shall be as follows: To be resident citizens of this State for over two years next preceding the election, and qualified voters under the Constitution and laws, and not less than thirty years of age . . . ." The language of this provision is clearly mandatory and the section contains no express authorization for the Legislature to provide other or additional qualifications or prerequisites to the holding of office by one elected as a member of the Corporation Commission. In the case of State, ex rel. Blankenship v. Freeman, 440 P.2d 744 (Okl. 1968), the Court held that the prohibitive provisions of Article IX, Section 16 following that part quoted above were self-executing. Further, where a provision of the Constitution is clearly intended to become effective and operative without any act of the Legislature, such provision is held to be self-executing, Kiowa County Excise Board v. St. Louis-San Francisco Ry. Co., 301 P.2d 677 (Okl. 1956); City of Shawnee v. Williamson, 338 P.2d 355 (Okl. 1959), and Appeal of Crescent Precision Products, Inc., 516 P.2d 275
(Okl. 1973). From a plain reading of the above-quoted portion of Article IX, Section 16, it is clear that the same is self-executing. Being self-executing, it cannot be abridged, extended or otherwise altered by legislation, Williams v. City of Norman, supra; Kiowa County Excise Board v. St. Louis-San Francisco Ry. Co., supra; 7 Okl.Op.A.G. 42 (Opinion No. 74-135); and 7 Okl.Op.A.G. 63 (Opinion No. 74-143). For the Legislature to add additional prerequisites or qualifications for office to those expressly set forth in Article IX, Section 16 would appear to amount to an attempted alteration of that Section of the Constitution which can only be done by a vote of the people. In view of the answer to your first question, we do not reach your second question.
It is, therefore, the opinion of the Attorney General that your question be answered as follows. Under the current language of Article IX, Section 16 of the Oklahoma Constitution, members of the Oklahoma Corporation Commission cannot be required to be graduates of an accredited law school or college or university with a major in accounting, finance, business administration, engineering or economics as a prerequisite to holding the office of Corporation Commissioner. (GERALD E. WEIS)